# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# DAYTON DIVISION

**STATE OF ARIZONA, et al.**

    Plaintiffs,

v.

**JOSEPH R. BIDEN, et al.**

    Defendants.

Case No. 21-cv-00314

## MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1404(a), Defendants hereby move to transfer this action to the District of Arizona. For the reasons explained in the accompanying Memorandum, a transfer would promote the interests of justice and judicial economy.

Dated: November 23, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

EREZ REUVENI
Assistant Director
U.S. Dept. of Justice, Civil Division
Office of Immigration Litigation –
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ *Adam D. Kirschner*
ADAM D. KIRSCHNER
BRIAN C. ROSEN-SHAUD
MICHAEL F. KNAPP
KUNTAL V. CHOLERA
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

## **MEMORANDUM IN SUPPORT**

For months, the States of Arizona and Montana have been challenging interim guidelines issued by the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") to guide the exercise of enforcement discretion in the immigration context. The interim guidelines advise DHS and ICE officers to prioritize enforcement actions against noncitizens that pose the greatest threat to public safety, border security, and national security. Sensibly, Arizona and Montana brought that challenge in the District of Arizona. And when the district court denied the States' motion for a preliminary injunction, the States sensibly appealed to the Ninth Circuit (where both Arizona and Montana are located). The Court of Appeals likewise rejected the States' two motions for an injunction. The Ninth Circuit then placed the States' appeal in abeyance because, in September of this year, DHS and ICE issued new civil immigration law enforcement guidance ("the September Guidance"). The new guidance will take effect on November 29, at which point the interim guidelines will be superseded.

Unsatisfied with their results in the Ninth Circuit, Arizona and Montana—now joined by Ohio—seek another bite at the apple in this forum. Their complaint alleges that the September Guidance is simply a continuation of the interim guidance at issue in the Ninth Circuit appeal. And their complaint is premised on arguments squarely rejected by the District of Arizona and the Ninth Circuit. At the same time, Arizona and Montana have indicated their desire to continue litigating the Ninth Circuit appeal—notwithstanding the fact that, when the September Guidance takes effect, their challenge to the interim priorities will be moot—on the theory that their challenge to the interim priorities somehow encompasses a challenge to the September Guidance. In short, Arizona and Montana wish to (re-)litigate many of the same issues, simultaneously, in two places. This is both inappropriate forum shopping and improper claim-splitting, and this Court should give

1

quarter to neither. Rather, to promote "systemic integrity," the Court should transfer this case to the District of Arizona pursuant to 28 U.S.C. § 1404(a). *See Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

To be clear, if Ohio separately brought suit in this Court, the public interest concern of "systemic integrity" would not be present and Defendants would not file this motion. But, as presented to the Court by the three States in its existing posture, "public-interest concerns, such as systemic integrity and fairness"—"which come under the rubric of 'interests of justice'" for purposes of the § 1404(a) analysis, *Moses*, 929 F.2d at 1137—warrant transfer to the District of Arizona.

## BACKGROUND

On January 20, 2021, the Acting Secretary of Homeland Security issued a memorandum that, among other things, (i) paused all removals for a period of 100 days and (ii) called on immigration personnel to focus their limited enforcement resources on the noncitizens who are most likely to pose a threat to public safety. *See* Compl. ¶ 10 (referencing January 20 memorandum and implementing February 18 guidance from the Director of ICE); *see also* https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf; https://www.ice.gov/doclib/news/releases/2021/021821_civil-immigration-enforcement_interim-guidance.pdf. (hereinafter, collectively, "Interim Guidance"). These memoranda noted that while their instructions were in effect, DHS would work to create a more permanent memorandum providing guidance to DHS personnel. *See* Interim Guidance. On September 30, 2021, the Secretary of Homeland Security issued the memorandum at issue here, "Guidelines for the Enforcement of Civil Immigration Law." *See* September Guidance (ECF No. 1-1). The seven-part memorandum "provides guidance for the apprehension and removal of noncitizens." *Id.* at 1. In

this guidance, the Secretary prioritizes apprehension and removal of noncitizens who pose threats to national security, public safety, and border security. *Id*. at 3-4. In doing so, however, the September Guidance avoids "bright lines or categories" and instead instructs line officers to make "an assessment of the individual and totality of the facts and circumstance." *Id*. at 3 (including a non-exclusive list of aggravating (*e.g.*, "the gravity of the conviction and sentence imposed" or "the sophistication of the criminal offense") and mitigating factors (*e.g.*, "military service" or "time since an offense and evidence of rehabilitation")). The September Guidance sets November 29, 2021, as the effective date, which will also serve to rescind the Interim Guidance issued in January and February of 2021 at the beginning of this Administration. *Id*. at 6-7.

Four lawsuits were brought challenging the Interim Guidance, including one brought by Arizona and Montana in the District of Arizona. At first, Arizona and Montana challenged the 100-day pause on removals announced on January 20 but later broadened their lawsuit to challenge the interim prioritization guidance. *See* Compl., *Arizona v. DHS*, 21-cv-186, ECF No. 1 (D. Ariz. Feb. 3, 2021); Am. Compl., *Arizona*, 21-cv-186, ECF No. 12 (D. Ariz. Mar. 8, 2021). On June 30, 2021, an Arizona district court granted Defendants' motion to dismiss Arizona and Montana's suit and denied their motion for preliminary injunction, finding that immigration enforcement priorities are committed to agency discretion and, therefore, not subject to judicial review. *See Arizona*, 21-cv-186, 2021 WL 2787930, at *10 (D. Ariz. June 30, 2021). Notably, that reasoning would apply with equal force to this challenge to the September Guidance, and would be fatal to the States' present claims. The Ninth Circuit twice denied Arizona's and Montana's motions for an injunction pending appeal. *See Arizona v. United States*, Case No. 21-16118 (9th Cir. July 30, 2021, and Sept. 3, 2021). These decisions are consistent with decisions from the Fifth Circuit and the Middle District of Florida—both of which likewise concluded that immigration enforcement decisions

3

(*e.g.*, whom to arrest or pursue for removal) are committed to DHS's discretion, and so the plaintiffs were unlikely to prevail on their challenge to DHS's enforcement priority guidance. *See Texas v. United States*, 14 F.4th 332 (5th Cir. 2021) (largely staying a district court's preliminary injunction); *Florida v. United States*, No. 8:21-CV-541-CEH-SPF, 2021 WL 1985058, at *10 (M.D. Fla. May 18, 2021) (denying preliminary injunction).

After the new enforcement guidance was announced on September 30, 2021, Defendants sought to hold the *Arizona* appeal in abeyance given that the Interim Guidance will become moot upon the November 29, 2021, effective date that will also serve to rescind the Interim Guidance. But Arizona and Montana opposed that motion, arguing that "the bulk of [their] appeal will not be mooted by the [September] Guidance becoming effective." *See* Appellants' Br. *Arizona v. United States*, Case No. 21-16118 (9th Cir. Oct. 12, 2021) at 2. The Ninth Circuit stayed briefing on the merits of the appeal, and asked for a status report or further briefing by December 6, 2021. *See id*. (9th Cir. Oct. 27, 2021).[1]

Arizona and Montana now bring the instant lawsuit, along with Ohio, to challenge the September Guidance. *See* Compl. (ECF No. 1).

## **ARGUMENT**

The Court should transfer this action under 28 U.S.C. § 1404(a). That section provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may

---

[1] The other actions challenging immigration enforcement guidance include a lawsuit brought in the Middle District of Florida by the State of Florida; one brought by the States of Texas and Louisiana in the Southern District of Texas; and one brought by, *inter alia*, select Texas Counties and Sheriffs in the Southern District of Texas. The Florida district court denied Florida's motion for preliminary injunction, and the matter is now pending before the Eleventh Circuit. *See Florida v. United States*, No. 8:21-CV-541-CEH-SPF, 2021 WL 1985058, at *9 (M.D. Fla. May 18, 2021). After the district court initially granted Texas and Louisiana's motion for preliminary injunction, the Fifth Circuit largely stayed the injunction. *Texas v. United States*, 14 F.4th 332, 340 (5th Cir. 2021). Texas and Louisiana have petitioned the Fifth Circuit to rehear the stay decision en banc. Finally, Texas Sheriffs and Counties, among others, have a pending motion to preliminarily enjoin the interim enforcement guidance in *Coe v. Biden*, No. 3:21-cv-00168 (S.D. Tex.).

transfer any civil action to any other district or division where it might have been brought." When presented with "a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d at 1137 (quoting 28 U.S.C. § 1404(a)). Here, transfer is particularly appropriate to promote the interests of justice, while it also will promote judicial economy and the convenience of the parties.

Plaintiffs Arizona and Montana appear to be engaged in a particularly pernicious form of forum shopping. Forum shopping always raises special concerns when, as here, the plaintiffs seek broad relief against a federal policy. *See* Compl., Prayer for Relief ¶¶ C and D. As Justice Gorsuch warned, "[t]here are currently more than 1,000 active and senior district court judges, sitting across 94 judicial districts, and subject to review in 12 regional courts of appeals," and thus "there is a nearly boundless opportunity to shop for a friendly forum to secure a win nationwide." *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600-01 (2020) (Gorsuch, J. concurring). But Arizona's and Montana's conduct here raises additional concerns. Having litigated and lost a key issue—whether immigration enforcement priorities are subject to judicial review—in the District of Arizona, they now seek to re-litigate that same issue in a new district court in a different circuit—even as they attempt to leverage the similarities between the interim and superseding priorities to their benefit in both cases: They are insisting to the Ninth Circuit that their claims challenging the Interim Guidance also apply to the September Guidance, keeping their challenge to the Interim Guidance from becoming moot. *See, e.g.*, Appellants' Br. *Arizona v. United States*, Case No. 21-16118 (9th Cir. Oct. 12, 2021) at 1 (claiming that the Ninth Circuit can "award 'effectual relief' by enjoining the statutory violation that Defendants are currently engaged in, and intend to

5

continue engaging in after November 29"). And they are insisting to this Court that the September Guidance is invalid because it represents (in their view) a pretextual attempt to reimpose substantively similar policies to the Interim Guidance on a more robust administrative record. *See* Compl., Count IV, ¶¶ 92-94. But Arizona and Montana should not be permitted to bring suit in this Court to avoid the unfavorable decisions that they have received in a different circuit on the same issue while simultaneously insisting in both lawsuits that their challenges are essentially the same. *Cf. Lab'y Corp. of Am. Holdings v. N.L.R.B.*, 942 F. Supp. 2d 1, 5 (D.D.C. 2013) ("It is not 'in the interest of justice to encourage, or even allow, a plaintiff to select one district exclusively or primarily to obtain or avoid specific precedents.'") (quoting *Schmid Labs., Inc. v. Hartford Accident & Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C.1986)).

It is eminently sensible when states are continuing to maintain a lawsuit over one federal policy in one district, that subsequent challenges to a successor policy brought by the same states, and raising the same or similar challenges to the application of federal law in those states, likewise be presented in that same district. Other plaintiffs challenging both the Interim Guidance and the September Guidance have taken this logical course. The States of Texas and Louisiana are challenging both in the Southern District of Texas. *See Texas v. United States*, No. 6:21-cv-00016 (S.D. Tex.), Dkt. No. 109 (amending complaint to challenge September Guidance); *see also id*. Dkt. No. 111 (also bringing motion to delay the effective date of agency action or, in the alternative, for a preliminary injunction). A group of Texas Sheriffs and Counties, among others, are likewise challenging both in the Southern District of Texas. *See Coe v. Biden*, No. 3:21-cv-00168 (S.D. Tex.), Dkt. No. 59 (amending complaint to add new parties and to challenge September Guidance). That course makes particular sense in this case, where the States have repeatedly attempted to tie their challenges to the two policies together, both by arguing in the

Ninth Circuit that their claims are not moot in light of similarities between the two policies and by arguing in this Court that the superseding priorities are invalid and intended to simply re-implement the interim priorities in a new form.

For all these reasons, the Court should honor the interests of justice contemplated by the transfer statute. Indeed, there is no reason why this forum is more convenient for the parties. Two of the three Plaintiffs, and all of the Defendants, are from outside this Circuit. In fact, the States contend that Arizona's status as a border state is especially important. *See, e.g.*, Compl. ¶ 35. Even as to Montana and Ohio, they contend that the supposed dangers from the agency action emanate from activities at the southern border. *See id.* ¶¶ 53-55 (Montana); *id.* ¶¶ 58-59 (Ohio). Judicial economy thus counsels strongly in favor of having the same district court handle this related matter.

To promote judicial economy and preserve the integrity of the judicial system, this Court should transfer this action to the District of Arizona. *See Moses*, 929 F.2d at 1137.

Dated: November 23, 2021               Respectfully submitted,

                                                                            BRIAN M. BOYNTON
                                                                            Acting Assistant Attorney General

                                                                            BRIGHAM J. BOWEN
                                                                            Assistant Branch Director

                                                                            */s/ Adam D. Kirschner*
                                                                            ADAM D. KIRSCHNER
                                                                            IL Bar. No. 6286601
                                                                            Senior Trial Counsel
                                                                            BRIAN C. ROSEN-SHAUD
                                                                            ME Bar No. 006018
                                                                            MICHAEL F. KNAPP
                                                                            CA Bar No. 314104
                                                                            KUNTAL CHOLERA
                                                                            DC Bar No. 1031523
                                                                            Trial Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 353-9265
    (202) 598-3846
Fax: (202) 616-8460
Email: Adam.Kirschner@usdoj.gov
    Brian.C.Rosen-Shaud@usdoj.gov
    Michael.F.Knapp@usdoj.gov
    Kuntal.Cholera@usdoj.gov

<u>Mailing Address</u>:
Post Office Box 883
Washington, D.C. 20044

<u>Courier Address</u>
1100 L Street NW, Room 11020
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 23, 2021.

    */s/ Adam D. Kirschner*
    ADAM D. KIRSCHNER