# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STATE OF ARIZONA, et al., *Plaintiffs*, v. JOSEPH R. BIDEN, et al., *Defendants*. | No. 3:21-cv-314 <br><br> Judge Michael J. Newman |

## MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER VENUE

This Court should deny the defendants' motion to transfer venue. (For ease of reference, we will refer to the defendants collectively as "DHS.") DHS concedes, as it must, that Ohio is entitled to sue in this district. *See* Mot. to Transfer, R.7, PageID#368. And DHS concedes, as it must, that it would have no basis for seeking transfer of venue if Ohio sued by itself. *Id*. Nonetheless, DHS insists that concerns regarding "systemic integrity" require transferring the case to a district court within the Ninth Circuit. *Id*. Why? Because two *other* States that are Ohio's co-plaintiffs in this suit—Arizona and Montana—are challenging a similar-yet-distinct administrative action in the District of Arizona.

This argument makes little sense. Because Ohio is entitled to sue here, transferring this case will get DHS nothing—Ohio would be entitled to dismiss itself from the case and to refile, alone, in this district. At that point, DHS would have to litigate the same issues in two courts in different circuits. So a transfer will not do anything to advance "systemic integrity" or "fairness" concerns. *Contra* Mot. to Transfer, R.7, PageID#370–71 (citing 28 U.S.C. §1404(a)). If anyone is guilty of a "pernicious form of forum shopping," Mot. to Transfer, R.7, PageID#371, it would

be DHS. It is trying to force Ohio to litigate this case in the Ninth Circuit despite the State's entitlement to litigate the case in Ohio—presumably because it thinks the Ninth Circuit would be a more favorable venue.

And while DHS treats the already-pending case in that circuit as being largely identical to the case presented here, it is simply wrong: the February 18 Memorandum ("Interim Guidance") being challenged in the Ninth Circuit constitutes a separate administrative action from the Permanent Guidance being challenged here. Nothing requires parties to challenge similar-yet-distinct actions in a single venue.

Ironically, the conduct that DHS accuses Arizona and Montana of engaging in—avoiding judicial review in the Ninth Circuit—is actually DHS's game. When the Arizona district court denied Arizona and Montana's request for a preliminary injunction, the States appealed to the Ninth Circuit the same day. *See* Doc. 3, *Arizona v. DHS*, No. 21-16118 (9th Cir. July 2, 2021). When the Ninth Circuit stayed briefing pending a jurisdictional obstacle, *see* Doc. 18—which all parties agreed did not exist, *see* Docs. 19 and 21—the States moved for reconsideration to reinstate the briefing schedule. *See* Doc. 23 (9th Cir. Aug. 13, 2021). And when the Ninth Circuit failed to act on that request while otherwise denying reconsideration, *see* Doc. 24 (9th Cir. Aug. 19, 2021), Arizona and Montana filed their Opening Brief regardless and moved to reinstate the briefing schedule. *See* Doc. 32 (9th Cir. Sept. 1, 2021), 34 (9th Cir. Sept. 2, 2021). The Ninth Circuit ultimately set a briefing schedule, requiring DHS to file its Answering Brief on October 14, 2021. *See* Doc. 36 (9th Cir. Sept. 3, 2021).

DHS, however, moved to hold briefing in abeyance pending a motion to dismiss based on mootness once the Permanent Guidance becomes effective on November 30. *See* Doc. 41 (9th Cir. Oct. 10, 2021). Even though the Ninth Circuit had not acted on that motion by the October

2

14 deadline, DHS neglected to file an Answering Brief. DHS also resisted moving to dismiss on mootness grounds before November 30, even though it did not identify any additional facts that it would need in order to file such a motion. *See* Docs. 42 (9th Cir. Oct. 12, 2021), 43 (9th Cir. Oct 18, 2021).

The upshot is that, while DHS accuses Arizona and Montana of seeking to evade adjudication in the Ninth Circuit, those States have filed an Opening Brief in the Ninth Circuit and repeatedly sought to have that court decide the issues presented. DHS, in contrast, has steadfastly refused to engage. The only party attempting to avoid judicial review of issues *before* the Ninth Circuit *in* the Ninth Circuit is DHS.

DHS's transfer motion also elides its own arguments. For one, DHS has promulgated the Permanent Guidance, a new policy, meaning its instant transfer motion lacks merit, since the Interim Guidance case does not present a vehicle for the Ninth Circuit to resolve the disputes at issue here. Moreover, given DHS's position that the Interim Guidance litigation is moot, the adverse precedent that DHS accuses Plaintiffs of attempting to avoid will be vacated by DHS's own hand. DHS wants it both ways—in the Ninth Circuit, the Permanent Guidance moots the State's challenge to the Interim Guidance (and that court has awarded an abeyance on that theory), but in the Southern District of Ohio, the Interim Guidance litigation is not moot and this Court must not decide new issues presented.

This heads-I-win, tails-you-lose approach is inequitable, and certainly provides no basis for disturbing the strong presumption that a plaintiff's choice of forum should be respected.

Finally, while it does not matter legally, the defendants have hinted that Ohio is not *really* interested in this case—instead, DHS suggests, Ohio is a barnacle riding along and giving Arizona and Montana a reason to sue outside the Ninth Circuit. Mot. to Transfer, R.7, PageID #367. Not

so. Ohio has a tremendous interest in preserving the safety of its communities and its social service resources. What is more, *all three* States chose to partner together based on the joint expertise they can bring to bear. Ohio has deep experience with litigation under the Administrative Procedure Act. *See, e.g.*, *Ohio v. Raimondo*, 848 F. App'x 187 (6th Cir. 2021); *Ohio v. EPA*, 969 F.3d 306 (6th Cir. 2020); *Ohio v. Becerra*, No. 1:21-cv-675 (S.D. Ohio). Arizona and Montana do too. They also have deep experience with the removal process. Together the States can present a clear, consolidated case without propagating lawsuits in different venues.

4

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Benjamin Flowers*
Benjamin M. Flowers (0095284)
Solicitor General
May Davis
Deputy Solicitor General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
Tel: 614-728-7511 | Fax: 614-466-5087
Benjamin.Flowers@OhioAGO.gov

*Attorneys for Plaintiff State of Ohio*

MARK BRNOVICH
Arizona Attorney General

Anthony R. Napolitano
Assistant Attorney General
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8958
Anthony.Napolitano@azag.gov
ACL@azag.gov

*Attorneys for Plaintiff State of Arizona*

AUSTIN KNUDSEN
Montana Attorney General

Christian B. Corrigan
Assistant Solicitor General
215 N Sanders St.
Helena, MT 59601
Phone: (406)-444-2026
Christian.Corrigan@mt.gov

*Attorneys for Plaintiff State of Montana*

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

*/s/ Benjamin Flowers*
BENJAMIN FLOWERS (0095284)
Solicitor General