UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STATE OF ARIZONA, *et al.*,

    Plaintiffs,

vs.

JOSEPH R. BIDEN, *et al.*,

    Defendants.

Case No. 3:21-cv-314

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEFENDANTS' MOTION FOR A STAY PENDING APPEAL (DOC. NO. 49); AND (2) DENYING DEFENDANTS' MOTION FOR AN ADMINISTRATIVE STAY (DOC. NO. 50)**

---

Before the Court are Defendants' (collectively, Department of Homeland Security or "DHS") motion for a stay pending appeal and a renewed motion for an administrative stay of the Court's March 22, 2022 Order preliminarily enjoining DHS from certain applications of Defendant Secretary Alejandro N. Mayorkas's September 30, 2021 Guidelines for the Enforcement of Civil Immigration Law (the "Permanent Guidance"). Doc. Nos. 49, 50. Plaintiffs, the States of Arizona, Montana, and Ohio (collectively, the "States"), filed an opposition memorandum. Doc. No. 53. DHS replied. Doc. No. 54. DHS's motions are now ripe for review.

A stay "temporarily divest[s] an order of enforceability." *Nken v. Holder*, 556 U.S. 418, 428 (2009) (citation omitted). The following factors dictate whether a stay pending appeal is warranted: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *DV Diamond Club of Flint, LLC v. Small Bus. Admin.*, 960 F.3d 743, 746 (6th

Cir. 2020) (quoting *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)). These are "the same factors considered in determining whether to issue a TRO or preliminary injunction." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quotation omitted). DHS, as the moving party, bears the burden of demonstrating entitlement to a stay pending appeal. *See Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The Court remains persuaded that the States are entitled to injunctive relief pending a trial on the merits. Doc. No. 44 at PageID 1145–46. Thus, for the reasons given in its March 22, 2022 Order, the Court finds that DHS is unlikely to succeed on appeal. *Id.* at PageID 1119–38. Likewise, the Court finds DHS has not carried its burden to show that the Court's preliminary injunction causes irreparable harm; that others will be harmed absent a stay; and that the public interest favors a stay. A stay pending appeal would allow DHS to resume application of the Permanent Guidance in a manner contrary to 8 U.S.C. §§ 1226(c) and 1231 despite the States' strong showing they are likely to prevail on the merits. *Id.* at PageID 1119–38.

An administrative stay while DHS seeks relief from the U.S. Court of Appeals for the Sixth Circuit is likewise unwarranted. Doc. No. 50. Even a brief stay would allow DHS to continue enforcing the Permanent Guidance in ways shown, at this stage, to be unlawful. DHS's motions for a stay pending appeal and for an administrative stay are, therefore, **DENIED**. Doc. Nos. 49, 50.

**IT IS SO ORDERED**.

Date:  March 31, 2022             s/Michael J. Newman
                                  Hon. Michael J. Newman
                                  United States District Judge